UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:22-cv-01002

EMILY BULL,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,
CROWLEY MARITIME
CORPORATION, CROWLEY
LINER SERVICES, INC., and/or
CROWLEY GOVERNMENT
SERVICES, INC.

      Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EMILY BULL, by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC.

1. This is a seaman's action seeking damages as a result of the Defendants' negligence, wrongdoing, and failure to provide maintenance and cure.

**JURISDICTION & VENUE**

2. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C.

§ 30104, 28 U.S.C. § 1331, 28 U.S.C. § 1333, the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.*, and Public Vessels Act, 46 U.S.C. § 31101, *et seq.*

3. Pursuant to 46 U.S.C. § 30104 and 28 U.S.C. § 1391, venue is proper since CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. reside, maintain principal offices, engage in and conduct business within this district.

## PARTIES

4. Plaintiff EMILY BULL is a former employee of CROWLEY MARITIME CORPORATION, CROWLEY GOVERNMENT SERVICES, INC. and/or CROWLEY LINER SERVICES, INC., and a citizen and resident of South Carolina.

5. The UNITED STATES OF AMERICA is a sovereign state which pursuant to 46 U.S.C. § 30901, et seq., and 46 U.S.C. § 31101, et seq., has consented to be sued.

6. Defendant CROWLEY MARITIME CORPORATION is a Delaware Corporation with a principal place of business located in Jacksonville, Florida.

7. Defendant CROWLEY GOVERNMENT SERVICES, INC. is a Delaware Corporation with a principal place of business in Jacksonville, Florida.

8. Defendant CROWLEY LINER SERVICES, INC. is a Delaware Corporation with a principal place of business located in Jacksonville, Florida.

## FACTS

9. On or about September 19, 2020, Defendant, UNITED STATES OF

AMERICA, owned the public vessel USNS 2ND LT. JOHN P. BOBO (T-AK 3008) (the "Vessel).

10. On or about September 19, 2020, pursuant to contract with Defendant UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. was or were ship manager(s) of the Vessel.

11. Upon information and belief, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC., is the personnel arm of CROWLEY MARITIME CORPORATION, and as such, its agent.

12. Prior to September 19, 2020, EMILY BULL accepted orders to join the Vessel as a seaman employed by an agent of the Vessel's owner and/or operator.

13. On or about September 19, 2020, Plaintiff EMILY BULL was employed by the UNITED STATES OF AMERICA'S ship manager as a seaman and a member of the crew of the Vessel.

14. On or about September 19, 2020, Defendant UNITED STATES OF AMERICA, or Defendant's agents, servants, and/or employees, operated and controlled the Vessel.

15. On or about September 19, 2020, the UNITED STATES OF AMERICA was responsible for the acts and omissions of its agents, servants, and/or employees, including the agents, servants, and/or employees of CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC.

16. On or about September 19, 2020, the Vessel was in navigable waters.

17. Beginning on or about September 19, 2020, and for some time thereafter, while in the in the performance of her duties in the service of the Vessel, Plaintiff EMILY BULL suffered serious personal injuries.

18. On or about September 19, 2020, Plaintiff EMILY BULL was directed to conduct the Semi-Annual Lifeboat Launching and Recovery Exercise with three other crewmembers in the lifeboat with her and the remaining crewmembers involved in the exercise remaining on the main deck.

19. The lifeboat was launched down to a meter above the water's edge, at which time the locking pins were removed, and the lifeboat engine was turned on. Once fully lowered to the water's edge, the forward and aft long links/lifting rings were detached and reattached to the release hook. Once the forward lifting ring was reattached, the lifeboat engine was shut off.

20. To recover the lifeboat and restow it on the main deck of the Vessel, the lifeboat was first lifted a meter from the water's edge.  The aft locking pin was inserted thereafter, and Plaintiff EMILY BULL inserted the cotter pin, securing the locking pin properly in place and ensuring that the forward releasing hook remain locked shut while the lifeboat was lifted from the water's edge.  As the crewmembers in the lifeboat buckled into their seats, the crewmembers on the main deck began the process of recovering the lifeboat and raising it to the main deck.

21. As the lifeboat rose, one of the crewmembers inside noticed that the lifeboat was engaged in a swinging motion that was steadily increasing in distance,

speed, and intensity. Suddenly, the forward end of the lifeboat detached and fell toward the water, leaving only the aft end connected to the Vessel and placing the lifeboat in a perilous pendulum swing as it hung from the sole remaining lift point on the stern of the lifeboat while the forward end swung toward the sea and past equilibrium *i.e.*, perpendicular to the water with the terrified crewmembers inside.

22. The lifeboat, along with its parts and equipment, were not designed to hang from only one lifting point. As such, the lifeboat davit and its parts and equipment eventually succumbed to the weight of the swinging lifeboat and broke free from the aft lifting point, plummeting down to the sea, crashing with tremendous impact and landing upside down where it rapidly filling with water.

23. The following pictures depict, in part, the aftermath of the incident:



*(Photograph of the remaining portion of the lifeboat still attached as the damaged lifeboat floated unsecured in the sea after the evacuation and rescue)*

5

24. At some point the lifeboat righted itself, and the imperiled crewmembers scrambled to evacuate the lifeboat. Plaintiff EMILY BULL removed her seatbelt and looked back to see another crewmember facing forward with his head underwater. While attempting to reach him, another crewmember reached in and pulled her out into the sea, where her personal flotation device nearly slipped off her body due to not being fitted properly for her body type.

25. All the above-described actions occurred while Plaintiff, EMILY BULL was in the performance of her duties under orders in the service of the Vessel. At all material times, Defendants were responsible for the conditions aboard the Vessel.

26. The impact from the initial fall when the lifeboat broke free from the forward lifting point, the secondary impact from the subsequent fall when the lifeboat broke free from the aft lifting point and crashed into the sea, in addition to the impacts experienced while attempting to exit the lifeboat under the belief that her life and the lives of her crewmembers were in imminent danger caused Plaintiff EMILY BULL severe mental and physical injuries including but not limited to contusions at multiple sites and subacute injuries to her neck and back. Prior to and at the time she suffered these injuries, Plaintiff EMILY BULL was exercising due care for her own safety and well-being.

## COUNT I
## JONES ACT NEGLIGENCE
## AGAINST ALL DEFENDANTS

27. Plaintiff EMILY BULL reiterates the allegations set forth in paragraphs 1 through 26 above.

28. The personal injuries suffered by Plaintiff EMILY BULL were not caused by any fault on her part but were caused by the negligence of the UNITED STATES OF AMERICA, its manager, agents, servants and/or employees and CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC., its agents, servants and/or employees.

29. Defendants were negligent in the following ways:

(a) Failure to provide a safe place in which to work;

(b) Failure to comply with their own policies and procedures;

(c) Failure to operate the Vessel properly;

(d) Failure to warn Plaintiff of a potentially dangerous condition;

(e) Failure to train employees in safe work practices;

(f) Failure to inspect and maintain the lifeboat to ensure it was sound, seaworthy, and fit for its general purpose;

(g) Failure to install the lifeboat properly;

(h) Failure to live up to the positive duty to provide proper lifesaving equipment; and

(i) Other particulars to be shown at the trial of this case.

30. The agents who installed the lifeboats were agents of the Defendant UNITED STATES OF AMERICA.

31. Defendants are responsible for the actions of their agents in the delegation of the duty to properly install lifesaving equipment to Plaintiff.

32. As a result of the Defendants' negligence, Plaintiff EMILY BULL suffered injury and pain of body and anguish of mind, embarrassment, humiliation, experienced great anxiety and emotional distress, lost time and wages from her usual work and pursuits, incurred medical expenses, and suffered and will suffer other damages as will be shown at trial.

33. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. for all damages to which she is entitled, in an amount to be determined at trial, as well as interest, costs, and for such further and other relief as this Court deems appropriate and demands a jury trial.

**COUNT II
GENERAL MARITIME LAW
UNSEAWORTHINESS AGAINST ALL DEFENDANTS**

34. Plaintiff EMILY BULL reiterates the allegations set forth in paragraphs 1 through 26 above.

35. The personal injuries suffered by Plaintiff EMILY BULL were due to

no fault of hers but were caused by the unseaworthiness of the Vessel.

36.     The Vessel was unseaworthy because the lifeboat was improperly installed and was not fit for the use intended.

37.     As a result of the unseaworthiness, Plaintiff EMILY BULL suffered injury and pain of body and anguish of mind, embarrassment, humiliation, experienced great anxiety and emotional distress, lost time and wages from her usual work and pursuits, incurred medical expenses, and suffered and will suffer other damages as will be shown at trial.

38.     This cause of action is brought under general maritime law for unseaworthiness.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. for all damages to which she is entitled, in an amount to be determined at trial, as well as interest, costs, and for such further and other relief as this Court deems appropriate and demands a jury trial.

### COUNT III
### GENERAL MARITIME LAW
### MAINTENANCE AND CURE AGAINST ALL DEFENDANTS

39.     Plaintiff EMILY BULL reiterates the allegations set forth in paragraphs 1 through 26 above.

40.     Defendants UNITED STATES OF AMERICA and CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or

CROWLEY GOVERNMENT SERVICES, INC. were duty bound to provide maintenance and cure to Plaintiff EMILY BULL pursuant to the general maritime law of the United States because she was injured during her service to the Vessel.

41. Defendants UNITED STATES OF AMERICA and CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. failed to provide Plaintiff EMILY BULL all maintenance and cure due to her.

42. Plaintiff EMILY BULL had to retain the undersigned law firms and has agreed to pay a reasonable fee to obtain maintenance and cure.

43. Defendants' failure to provide complete maintenance and cure is unlawful, willful, arbitrary, capricious, and in disregard for Plaintiff's medical needs and seaman's rights.

44. As a result of the Defendants' failure to provide maintenance and cure, Plaintiff EMILY BULL suffered injury and pain of body and anguish of mind, embarrassment, humiliation, experienced great anxiety and emotional distress, lost time and wages from her usual work and pursuits, incurred medical expenses, and suffered and will suffer other damages as will be shown at trial.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants UNITED STATES OF AMERICA, CROWLEY MARITIME CORPORATION, CROWLEY LINER SERVICES, INC., and/or CROWLEY GOVERNMENT SERVICES, INC. for all damages to which she is entitled, including punitive damages and attorneys' fees, in an amount to be determined at trial, as well as

interest, costs, and for such further and other relief as this Court deems appropriate and demands a jury trial.

                Respectfully submitted,

                */s/ Adria G. Notari*
                **ADRIA G. NOTARI**
                Florida Bar No. 87272
                NOTARI LAW, P.A.
                1820 SW 14th Court
                Fort Lauderdale, Florida 33312
                Telephone: (954) 257-9028
                Fax: (954) 231-1128
                E-mail: anotari@NotariLaw.com

OF COUNSEL:

**SORRELS LAW**

*/s/ David L. McNeal*[1]
Randall O. Sorrels
State Bar No. 10000000
David L. McNeal
State Bar No. 24095079
5300 Memorial Drive, Suite 270
Houston, Texas 77007
T: (713) 496-1100
F: (713) 238-9500
randy@sorrelslaw.com
david@sorrelslaw.com
eservice@sorrelslaw.com
***Attorneys for Plaintiff***

---

[1] *Pro hac vice* application forthcoming.